BEFORE THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARGARET MABON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00786 |
| | ) | |
| CARESTAR OF INDIANA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Margaret ("Meg") Mabon.

2. Plaintiff resides in Warsaw, Kosciusko County, Indiana.

3. The Defendant is CareStar of Indiana, LLC, a company doing business a company doing business at 1075 Broad Ripple Ave, #316, Indianapolis, IN 46220. Defendant is an "employer" for the purposes of the ADA and FMLA.

4. Defendant offers certain services throughout the state of Indiana, including, but not limited to the Counites of Kosciusko, Whitley, Marshall and Fulton.

5. At all times relevant to this Complaint, Plaintiff was an employee of Defendant providing services to Defendant's clients in Kosciusko, Whitley, Marshall and Fulton Counties.

6. Plaintiff was a qualified employee of the Defendant, CareStar of Indiana, LLC, who at all times material to this Complaint performed within the reasonable expectations of her employer.

7. Plaintiff contends that she was discriminated against on the basis of her disability/perceived disability and retaliated against in violation of his federally protected rights

pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and that she was subjected to discrimination and retaliation in violation of, and interference of her rights under, the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

8. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2022, a copy of which is attached hereto, incorporated herein, and made a part hereof as "**Exhibit A**." The EEOC issued its dismissal and Notice of Rights on June 15, 2023, a copy of which is attached hereto and made a part hereof as "**Exhibit B**." All administrative remedies have been exhausted, and all jurisdictional requirements have been met for the filing of this lawsuit.

9. Plaintiff worked for Defendant from August 2015 until her wrongful termination on May 25, 2022.

10. At the time of her termination from Defendant, Plaintiff was a Case Manager.

11. During her employment with Defendant, Plaintiff received satisfactory performance reviews.

12. Plaintiff received her last satisfactory performance review in March 2022, which included a pay increase.

13. During her March 2022 review, Plaintiff's supervisor did not discuss an issue of missing case notes.

14. In January 2022, Plaintiff testified positive for COVID-19 and attempted to work from home while ill. During this time, Plaintiff was notified by her then supervisor, Janet Rice, of missing case notes. Plaintiff indicated she would complete those notes.

15. In April 2022, Plaintiff was assigned to a new supervisor, April Johnson.

16. That same month, Johnson met with Plaintiff to discuss missing case notes from January 2022. Plaintiff explained that she had COVID-19 and that was not typical of her performance. Johnson did not issue any disciplinary action following this discussion.

17. Plaintiff completed her case notes for May 2023 by the May deadline set by Defendant. Johnson was aware that Plaintiff completed her case notes for May 2023.

18. On May 19, 2022, Plaintiff was involved in a serious motor vehicle accident, outside the scope of her employment with Defendant, which required emergency care and several surgeries.

19. The injuries Plaintiff sustained constituted a disability under the ADA and a serious health condition under the FMLA.

20. Due to her serious medical conditions, Plaintiff requested FMLA leave and/or a reasonable accommodation on or about May 19, 2022.

21. On said date, Plaintiff emailed her supervisor, April Johnson, to notify Johnson that she (Plaintiff) had been in a serious motor vehicle accident that evening and that she would be absent from work the next day, Friday, May 20, 2022.

22. On Monday 23, 2022, Plaintiff spoke with April Johnson by phone. During that call, Johnson asked Plaintiff when Plaintiff would be able to return to work.

23. Neither Johnson nor any other representative of Defendant engaged in the interactive process as required under the ADA.

24. Further, neither Johnson nor any other representative offered Plaintiff a breakdown of her rights under the FMLA or provided documents for FMLA certification.

25. On Wednesday, May 25, 2022, Plaintiff was notified by Defendant that she was being terminated for missing case notes.

26. Plaintiff contends Defendant's given reason for terminating Plaintiff is pretextual and Plaintiff had paid time off she was utilizing at the time of her termination.

27. Plaintiff contends Defendant's FMLA retaliation and/or discriminatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, such as income, and subjected him to emotional distress, embarrassment, mental anguish, inconvenience, and other damages and injuries. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

28. Furthermore, the Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights pursuant to the ADA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, for all relief available to her under the ADA and FMLA, and for all other just and proper relief in the premises.

Respectfully submitted,

BARRETT MCNAGNY LLP

*/s/Rachel K. Steinhofer*
Rachel K. Steinhofer, #29281-49
215 E. Berry Street
Fort Wayne, Indiana 46802
Tel: 260-423-8832
Fax: 260-423-8920
Email: rks@barrettlaw.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 22nd day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or by U.S. Mail which sent notifications of such filing to the following:

CT Corporation System
d/b/a Carestar of Indiana, LLC
1075 Broad Ripple Ave, #316
Indianapolis, IN 46220

                <u>*/s/ Rachel K. Steinhofer*   </u>
                Rachel K. Steinhofer